UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action No: 17-883 |

**PLAINTIFF MR. JOHNSON'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants' motion to strike should be denied for the reasons below.

**I. Defendants' motion to strike should be denied Defendants' counsel failed to discuss in good faith with Plaintiffs' counsel the specific Statements of Material Fact which they contend the Court should strike.**

The Local Rules require that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Local Civil Rule 7(m). The purpose of this rule "is to promote the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." "The obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation." This Court routinely denies non-dispositive motions for failure to

1

comply with Rule 7(m). <u>English v. Wash. Metro. Area Transit Auth.</u>, 323 F.R.D. 1, 25 (D.D.C. 2017).

Counsel for defendants made no attempt to confer with plaintiff's counsel about which specific Statements of Material Facts it found objectionable so as to by discussion winnow out truly objectionable SMFs (if any) and identify them for the Court. So, their attempt to obtain Rule 7(m) consent was too perfunctory to constitute a "good faith" effort to resolve the parties' dispute. <u>English</u>, 323 F.R.D. at 25.

Defendants' counsel sent plaintiffs' counsel an email at close of business (4:41 p.m.) on the Friday before they filed their motion stating:

> Mr. Claiborne,
>
> We are going to file a Motion to Strike Plaintiff's Statement of Undisputed Material Facts (ECF DKT #48-2).
>
> Pursuant to LCvR 7(m), do you consent?
>
> Thank you.
>
> Sincerely,
>
> The following exchange occurred:
>
> Plaintiffs' counsel - Can you give me some reason why?
>
> Defendants' counsel - We don't believe that it conforms to the applicable Rules or the Court's Minute Order because it contains paragraphs with multiple allegations of fact and contains extensive argument.
>
> Plaintiffs' counsel - Kind of abstract.   Can u give me an example? And do you mean every paragraph is this way?
>
> Defendants' counsel - There are many paragraphs that we believe are non-conforming. Plaintiff's Statement of Undisputed Material Fact ¶ 6 contains eleven bullet points, while ¶ 76 is a narrative that is a full five paragraphs long. (ECF DKT # 48-2 at pages 1-2; 16-17). Others contain only argument. Are you considering withdrawing the Statement? If so, the Motion to Strike would be unnecessary. Please advise.

Plaintiffs' counsel intended to phone defendants' Counsel to discuss the issues because Plaintiffs' counsel did not consider a request to withdraw the SMFs to be part of a duty to confer conducted in good faith. But, six hours business hours later, without waiting a reasonable time for a response, defendants filed their motion at about 1:45 p.m. on Monday.

All day Monday from about 8:00 a.m. Plaintiffs' counsel was observing testimony in a disciplinary hearing or consulting with Disciplinary Counsel or interviewing witnesses in preparation to testify as an expert for Disciplinary Counsel Tuesday

This Court has construed the duty to confer requirement of LCvR 7(m) in light of the Rule at issue. 2910 Ga. Ave. LLC v. District of Columbia, 312 F.R.D. 205, 213 (D.D.C. 2015) (construing LCvR 7(m) in light of the principles of justice cited in Rule 15(a)(2)). The purpose of the rules defendants contend Plaintiff complied with is to avoid "improperly placing the burden on the court, rather than on the opposing party or his counsel, to 'winnow the wheat from the chaff.'" Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 153 (1996)(construing Fed. R. Civ. P. 56 and former LCvR 108(h) now LCvR 7(h)).

Here defendants filed a motion to strike Plaintiff's entire statement of facts on the basis of a cursory discussion of SMFs # 6, 11,12,22,43,57,76. Defendants cite to no rule that justifies striking an entire SMF on the basis of alleged technical defects in less than 7 SMFs.  The Jackson Court struck an entire statement of facts after examining each SMF and ascertaining that it was not supported by citations to the record and further finding the presence of egregious conduct including: [1] a variety of continuances and the grant of several motions to correct deficiencies, [2] a further request to supplement a statement of material facts in dispute where the moving party claimed it would be prejudiced, and [3] in striking a deficient statement in which the plaintiff failed to raise the central claim of racial discrimination underlying his Title VII claim, and [4] which also

3

lacked citations to the record, depositions, or affidavits. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 147-148 (D.C. Cir. 1996), discussed below.

By defendants' count there are 77 SMFs. So defendants put the burden on the Court to sift through the remaining SMFs to ascertain whether they comply with Fed. R. Civ. P. 56 and LCvR 7(h) instead of attempting to confer with counsel about winnowing out any truly objectionable SMFs.

## II. After the 2010 Amendments Defendants should have made objections to individual SMFs rather than moving to strike the entire Statement.

After the 2010 Amendments Defendants should have made objections to individual SMFs rather than moving to strike the entire Statement. *See* Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co., 671 F.3d 512, 515 (5th Cir. 2012) (under the now-applicable Fed. R. Civ. P. 56(c)(2), it is no longer necessary to file motion to strike; "instead, the party may simply object to the material"); 11 Moore's Federal Practice - Civil § 56.91 (2019).

Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. 2010 Advisory Committee Notes, Subdivision (c). Moreover, Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. *Id.* There is no need to make a separate motion to strike on these issues of lack of support. *Id.*

Alternatively, even if denying defendants' motion to strike on the basis of the failure to confer in good faith would not be in accord with the principles of justice, this Court should deny the defendants' motion without prejudice and order the parties to narrow the dispute by discussing the paragraphs the defendants believe are problematical and give Mr. Junes an option to amend or defend them in a response. 2910 Ga. Ave. LLC v. District of Columbia, 312 F.R.D. 205, 213 (D.D.C. 2015) (construing LCvR 7(m) in light of the principles of justice cited in Rule 15(a)(2)). Deliberation would have been especially helpful in this case because it would have furthered the

4

purpose of Fed. R. Civ. P. 56, the purpose of Rule 56, 'winnow[ing] the wheat from the chaff.'" Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 153 (1996)(construing Fed. R. Civ. P. 56).

### III. Defendants failed to carry heavy burden governing motion to strike

As stated above, the proper course for defendants to follow was to confer in good faith in an attempt to winnow out non-objectionable from any truly objectionable SMFs. Failing that, defendants should have objected individually to each putatively objectionable SMF.

But, even if a motion to strike were the proper procedural device defendants fail to (1) address each SMF individually on the merits instead of on the basis of a cherry-picked handful of SMFs, Barnes v. District of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012); and (2) did not carry their heavy burden.

Motions to strike are strongly disfavored, and the decision of whether to strike all or part of a pleading rests within the sound discretion of the Court. Barnes v. District of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012). The proponent of such a motion must carry a "formidable burden." *Id.*

The D.C. Circuit has upheld motions to strike only when it has found egregious conduct. For example, in Jackson the D.C. Circuit held that a district court did not abuse its discretion in granting defendant's motion to strike a statement of material facts Jackson Court struck an entire statement of facts after examining each one and further finding the presence of egregious conduct including: [1] a variety of continuances and the grant of several motions to correct deficiencies, [2] a further request to supplement a statement of material facts in dispute where the moving party claimed it would be prejudiced, and [3] in striking a deficient statement in which the plaintiff failed to raise the central claim of racial discrimination underlying his Title VII claim, and [4] which also lacked citations to the record, depositions, or affidavits. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 147-148 (D.C. Cir. 1996).

5

Moreover, <u>Jackson</u> was decided before revisions to Fed. R. Civ. P. 56(c). defendants' proposed motion also violates Fed. R. Civ. P. 56 because it relies on a construction of the local rule which conflicts with Fed. R. Civ. P. 56. <u>Burke v. Gould</u>, 286 F.3d 513, 516-20 (D.C. Cir. 2002) (requiring that the district court consider evidence submitted pursuant to Federal Rule 56(c), regardless of the non-movant's compliance with the local rule (over vigorous dissent)).

In subsequent cases the D.C. Circuit has held that a potentially case killing sanction for violation of a local rule that violates a Rule of Procedure is an abuse of discretion.

Here defendants have not established that any individual SMFs should be struck let alonne the whole Statement.

**Analysis of defendants' objections**

For example, ¶ 6 in Plaintiff Mr. Johnson's SMFs states:

> For most of the time from when Horton Smith-Shearer sucker punched Dirty Knuckles until Officers Willis and Coffey ~~When~~ Mr. Johnson had been hanging back near Chipotle by 7st Street until just before Akhtar and Reynolds arrived.

SMF # 6 (strike out added). This SMF has a typographical error (an extra word, "When") but it is by no means impossible to understand the SMF. Fed. R. Civ. P. 56 (c) doe not provide for striking an entire statement because of a single typo.

Moreover, plaintiff's objections to defendants' SMF and the Opposition make clear that this SMF is directed at defendants' SMF # 6 which provides: "Plaintiff Joseph Johnson was one of the individuals in the crowd that had gathered around Officers Willis and Coffey."

Moreover, the local rule provides that an opposition to a motion for summary judgment "shall be accompanied by a separate concise **statement of genuine issues** *setting forth all material facts* as to which it is contended there exists a genuine issue necessary to be litigated, which shall

6

include references to the parts of the record relied on to support the statement." L. Civ. R. 7(h)(1)(emphasis added). Since the local rule uses two different words, "issue" and "fact," presumably they have different meanings. In fact, "issue" was a term of art that was replaced with the term "dispute" in the 2010 amendments to the rules.

**SMF ¶ 6.**

Plaintiff's SMF ¶ 6 is an extremely detailed statement of an "issue" or "dispute" (whether Mr. Junes was one of the individuals who crowded around Officers Coffey and Willis when they were detaining Mr. Horton Smith or whether he hung back by Chipotles during that period and only went down to that area after Officer Willis moved away to get his little brother) "*setting forth all material facts* as to which it is contended there exists a genuine issue necessary to be litigated." Moreover, each of the "facts" is supported by a "precise" reference to the record. Fed. R. Civ. P. 56(c); Scheduling Order [40] ¶ 6(a) and (b).

The fact that *all of the disputed material "facts"* in support of the numbered "issue" are indicated by bullet points instead of numbered subparts does not justify striking either SMF ¶ 6 or the entire Statement. Plaintiff Mr. Johnson's presentation of this issue and the controverted facts in support of it furthers rather than obstructs the purpose of Rule 56, 'winnow[ing] the wheat from the chaff.'" Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 153 (1996)(construing Fed. R. Civ. P. 56).

Plaintiff Mr. Johnson's SMFs 11, 12, and 22 do not violate Rule 56, the local rule, or the Scheduling Order; neither the enumerated SMFs or the entire Statement should be struck.

Plaintiff Mr. Johnson's SMFs 11, 12, and 22 do not violate Rule 56, the local rule, or the Scheduling Order. Alternatively, even if they do, such isolated violations do not justify striking the entire Statement. Defendants should object to each one individually as the current Fed. R. Civ. P. 56(c) requires.

Officers Akhtar and Reynolds in both their arrest report [sic] and in their statement of facts try to 'gaslight' this Court by exaggerating the actions of the bystanders they found when they arrived in Gallery Place. For example, in his deposition Officer Reynolds described the scene as a 'hostile' environment. Reynolds depo, p. 85.

**SMFs ¶ 11 and ¶ 12.**

SMF ¶ 11 is a statement of fact with a citation to the record. Defendants offer no support for their contention that an allegation of a fabrication is an argument rather than a legal issue. Plaintiff in his Opposition cited several cases in support of his position that whether a fabrication is a fabrication is a fact "issue" or "dispute" not a legal question. *See e.g.,* Stinson v. Gauger, 868 F.3d 516, 526 (7th Cir. 2017)(en banc)(whether experts' opinions were intentionally fabricated or honestly mistaken is a question of fact, not a question of law); Dufort v. City of New York, 874 F.3d 338, 354 (2d Cir. 2017) (same).

The same is true of SMF ¶ 12. To the extent that SMF ¶ 12 has a citation, the citation rather than the issue and supporting facts are objectionable.

Both SMFs ¶ 11 and ¶ 12 are "material" because they go to an element of Plaintiff Mr. Johnson's fabrication claim.

**SMF ¶ 22.**

> Officer Reynolds claims he saw someone in the crowd briefly grab the person Willis had (Mr. Favors) but the video 'clearly contradicts' that statement so it should be disregarded for probable cause. Reynolds depo, p. 83, 84; Clyde's vide, 16:22:51, until Officer Willis drags Mr. Favors out of sight, 16:24:28. Also, the fact that he did not go to help Officer Willis, Reynolds depo, p.85, belies the assertion. [. . .]

SMF ¶ 22.

8

Nor is SMF ¶ 22 objectionable. It identifies the "issue" under LCvR 7(h) – whether Officer Reynolds saw someone in the crowd briefly "grab" the person Willis had (Mr. Favors) in detention – and then offers a citation to the record to show how it is contradicted by the record.

**SMF ¶ 43.**

Assuming arguendo Defendants' Ex. F did show Johnson (circled in red) leaning towards Office [sic] Akhtar in a menacing posture (Mr. Johnson contends it does not), it did not provide probable cause for Officer Reynolds to seize or arrest Mr. Johnson. Officer Reynolds testified he did not see it. See Previous SMF.

**SMF ¶ 43.**

The same is true of SMF ¶ 43. It is a statement of the issue with a citation to facts in the record.

**SMF ¶ 57.**

The video defendants rely on for their "resisting" theory, 1:35 et seq., shows Mr. Johnson moving his hands after Reynolds had already yanked him down without probable cause and landed most of his barrage of open fist punches to Johnson's face and head. Mr. Johnson testified that Reynolds 'repeatedly' punched him in the face and head with closed fists. Johnson depo, p.56-57. Since only one or two fist punches are visible on the Harrison video after 1:34, the reasonable inference is that Reynolds landed the other punches before Harrison video at 1:34. See immediately preceding SMFs.

SMF ¶ 57.

SMF ¶ 57 is the same – the identification of an "issue," and citation to the facts that support it.

### IV. This Court should not strike either the entire Statement or the SMFs defendants contend are immaterial.

This Court should not strike either the entire Statement or the SMFs defendants contend are immaterial.

Defendants offer no support for striking the Statement or the SMFs listed by defendants.

First, whether a SMF is "material" should - after the 2010 Amendments to Rule 56(c) - be addressed by an objection. Defendants cite to no cases to support its contention that non-objectionable SMFs should be struck because a party labels them not material.

Second, Fed. R. Civ. P. 56(a) provides that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). A fact is "material" if it might affect the outcome of the suit under the substantive law applicable to the case. 11 Moore's Federal Practice - Civil § 56.23 (2019); Steele v. Schafer, 535 F.3d 689, 692–693 (D.C. 2008) (fact dispute as to date of employee's contact with EEO counselor was material on issue of whether certain claims were time-barred).

Each of the three SMFs defendants find objectionable are "material" under this standard.

1. The way Officer Willis 'horse collared' the 128-pound Horton Smith-Shearer is what upset the bystanders at Gallery Place on the incident date. Willis depo., p.78; Harrison video, 17 to 30. [. . .]

8. Heckler Harrison never incited the bystanders against the police as the audio evidences.

9. Heckler Harrison never urged Horton Smith-Shearer to break free nor did he urge anyone to intervene to break him free.

In their Opposition defendants argued that defendants' actions were justified and reasonable and entitled to qualified immunity because, inter alia, officers Akhtar and Reynolds feared bystanders were threatening and hostile and tried to break free Horton-Smith. Defendants' memorandum of law, p. 16 et seq.; Defendants Ex. Perf (arrest report) Defendants' SMFs ¶ ¶ 4-5.

Also, as stated above, Plaintiff Mr. Johnson's SMF ¶ 6 has a single word of surplusage and so it is intelligible and it is material to rebut defendants' contention that Mr. Johnson was part of the "inner" crowd menacing Officers' Willis and Coffey. See Defendants' SMF ¶ 6, and to

establish that Mr. Johnson was only momentarily in the "crowd" around Officers' Willis and Coffey for the express and limited purpose of collecting his little brother and leading him to safety.

Therefore, Plaintiff Mr. Johnson's SMFs ¶ ¶ 1, 8, and 9 are material.

## Conclusion

Respectfully submitted,


/s/ William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579

Counsel for Plaintiff

717 D Street, NW
#300
Washington, DC  20004
Phone 202/824-0700
Email claibornelaw@gmail.com