UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, OWAIS AKHTAR, CAMERON REYNOLDS, A. WILLIS, Jr., FRANCIS MARTELLO, & AMINA COFFEY,<br><br>Defendants. | Civil Case No. 17-883 (CKK) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINITFF'S STATEMENT OF UNDISPUTED MATERIAL FACT**

Defendants District of Columbia ("the District"), Officer Owais Akhtar, Officer Cameron Reynolds, Officer Anthony Willis, Jr., Lt. Francis Martello, and Officer Amina Coffey, through undersigned counsel, submit this Reply in response to Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Statement of Undisputed Material Fact, Dkt. 57.

**REPLY**

Plaintiff's Opposition to Defendants' Motion to Strike fails to provide this Court with any compelling reason to deny Defendants' motion. As such, the Court should grant the motion and strike Plaintiff's Statement of Undisputed Material Fact, Dkt. 48-2.

**I. DEFENDANTS' ATTEMPTED TO CONFER IN GOOD FAITH.**

Plaintiff's first argument for why this Court should deny Defendants' motion is that Defendants failed to comply with LCvR 7(m), which imposes on the moving party an obligation to confer in good faith with an opposing party regarding the relief sought prior to seeking court

intervention. Defendants discharged this obligation. As the email exchange quoted in Plaintiff's opposition and attached hereto as Exhibit A makes clear, counsel for the Defendants reached out to Plaintiff's counsel on Friday, March 22, 2019, *three days* before filing their motion.[1] In doing so, counsel for the Defendants explained not only the relief that would be sought in the motion and the grounds on which it would be sought, but even went so far as to provide Plaintiff with specific examples of the types of failure with the Court's procedural orders that prompted the need for a motion. This is a far cry from the conduct at issue in *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 25-26 (D.D.C. 2017), in which WMATA "simply state[ed] an objection without elaborating further upon it or engaging in any meaningful dialogue . . . ." Here, the emails show that counsel for Defendants did in fact make efforts to "engag[e] in . . . meaningful dialogue . . . ," *id.* at 26, and it is instead Plaintiff's counsel who "intended to phone defendant's Counsel to discuss . . ." further, but did not. Dkt. 57 at 3.

Plaintiff's further argument that Defendants have placed a burden on the court "to sift through the remaining SMFs to ascertain whether they comply with Fed. R. Civ. P. 56 and LCvR 7(h) instead of attempting to confer with counsel about winnowing out any truly objectionable SMFs[]" misapprehends the nature of Defendants' motion. Dkt. 57 at 4. Defendants moved this Court to strike Plaintiff's Statement of Undisputed Material Facts *in its entirety* because they determined, after reviewing the Statement, that it was so far afield of a proper statement of material facts as to make a response effectively impossible. In articulating this to the Court, Defendants selected just a handful of the most egregious errors. Defendants have not asked the Court to "sift through" the remaining facts to determine whether they comply; the motion seeks

---

[1] Plaintiff describes the length of time as "six business hours" because the email exchange occurred on a Friday and the motion was filed Monday. *See* Dkt. 57 at 3.

that they all be struck because the wholesale lack of compliance is apparent from those that were addressed directly.

Lastly, Plaintiff proposes that even if this Court determines that Defendants conferred in good faith it should nevertheless deny Defendants' motion to strike without prejudice and "order the parties to narrow the dispute by discussing the paragraphs the defendants believe are problematical and give Mr. Junes [sic] an option to amend or defend them in a response." Dkt. 57 at 4.[2]  Yet Plaintiff has already had an opportunity to amend – when this Court struck his initial filing and ordered compliance with its scheduling and procedures order, *see* Feb. 21, 2019 Minute Order – and an opportunity to defend – in opposition to the pending motion to strike. Because the delay caused by permitting further amendment would unduly prejudice these Defendants, Plaintiff's Statement of Undisputed Material Facts, Dkt. 48-2, should be stricken from the record.

## II.     PLAINTIFF MISUNDERSTANDS RULE 56.

Plaintiff's Opposition misapprehends Fed. R. Civ. P. 56(c)(2).  In his Opposition, Plaintiff argues that the proper method of responding to his failure to comply with the Court's Scheduling and Procedures Order, Dkt. 40, is not a motion to strike, but is instead to object to the material. Dkt. 57 at 4.  In support, Plaintiff cites to the language of Fed. R. Civ. P. 56(c)(2) and to cases discussing the 2010 Amendments to the Rules of Civil Procedure.  However, as these cases – and Advisory Committee Notes – make clear, the Rule authorizes an objection on grounds that "a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2); it does not deal with the situation where, as here, the manner in which the "facts" are presented violates the Court's procedural orders and effectively prevents Defendants

---

[2] Plaintiff's brief is disjointed.  His argument regarding Defendants' lack of good faith is contained in Section I, yet this portion of his argument is in Section II.

from responding. Defendants' motion has nothing to do with the admissibility of the evidence, and Rule 56(c)(2) is therefore inapplicable.

### III. DEFENDANTS HAVE SATISFIED THEIR BURDEN.

Plaintiff further argues that Defendants have failed to satisfy their burden on a motion to strike. Dkt. 57 at 5-6. Defendants disagree. First, Plaintiff's reliance on *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012) to set the prevailing standard regarding a motion to strike a Statement of Material Facts is misplaced. Dkt. 57 at5. *Jackson v. Finnegan, Henderson, Farabow, Garret & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996), makes clear that a court is well within its discretion to strike a statement of material facts for "repeated failures to adhere to the court's scheduling order and . . . multiple violations of Rule [7(h)] . . . ." 101 F.3d at 153. The court specifically noted that the opposing statement of material facts was "replete with factual allegations not material to [plaintiff's] substantive claims and repeatedly blend[ed] factual assertions with legal argument." *Id.* at 153. Like in *Jackson*, and as the Defendants' motion points out, Plaintiff's statement of material facts contains lengthy legal argument and numerous factual assertions not material to the claims at issue in the lawsuit; it therefore "undermines the purposes" of both LCvR 7(h) and the Court's scheduling and procedures order and must be stricken. *See Jackson*, 101 F.3d at 153-54.

Second, Plaintiff's argument that "defendants' proposed motion . . . violates Fed. R. Civ. P. 56 because it relies on a construction of the local rule which conflicts with Fed. R. Civ. P. 56," Dkt. 41 at 6, is without merit. While Plaintiff cites to *Burke v. Gould*, 286 F.3d 513 (D.C. Cir. 2002), he fails to provide further explication, and it is difficult to discern the reasons why Plaintiff believes the two rules come in conflict here. To the extent Plaintiff is arguing that

Defendants have moved the Court to disregard the record evidence for purposes of ruling on the motion for summary judgment, Plaintiff is mistaken.

Third, Plaintiff's "analysis of defendants' objections" misses the mark. Plaintiff argues that LCvR 7(h) permits him to raise "issues" in a statement of material facts filed in opposition to a motion for summary judgment. Dkt. 57 at 7. However, the Rule makes clear that the proper manner to raise an "issue" is by "setting forth all material *facts*." LCvR 7(h) (emphasis supplied). Plaintiff's interpretation confuses this point, and his strained reading should not be countenanced by the Court. Moreover, though, even if permitted under LCvR 7(h), this Court specifically ordered compliance with its Scheduling and Procedures Order, and Plaintiff's subsequent filing still fails to conform. *See* Dkt. 40; Feb. 21, 2019 Minute Order. Accordingly, Defendants' Motion to Strike should be granted.

### IV.   WITH REGARDS TO SPECIFIC MATERIAL FACTS, DEFENDANTS RELY ON THEIR MOTION.

The remainder of Plaintiff's opposition addresses the specific material facts the Defendants used in support of their Motion to Strike. The reasons favoring a motion to strike were fully articulated in Defendants' Motion and need not be repeated herein. Defendants therefore rely on their earlier filing.

### CONCLUSION

Wherefore, for the foregoing reasons, Defendants' Motion to Strike Plaintiff's Statement of Undisputed Material Fact, Dkt. 56, should be granted.

DATE: April 5, 2019                           Respectfully submitted,

                                              KARL A. RACINE
                                              Attorney General for the District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General

Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

/s/ *Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [#335976]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 724-6642; (202) 741-8895 (fax)
robert.deberardinis@dc.gov

*Counsel for Defendants*