UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| JOSEPH SIDNEY JOHNSON,<br>      Plaintiff,<br>   v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>      Defendants. | Civil Action No. 17-883 (CKK) |

**MEMORANDUM OPINION**
(August 9, 2019)

Defendants, the District of Columbia and five Metropolitan Police Department ("MPD") officers,[1] move to strike Plaintiff Joseph Sidney Johnson's [48-2] Statement of Undisputed Material Facts ("Plaintiff's Statement"), which accompanies Plaintiff's [48] Opposition to Defendants' Motion for Summary Judgment. Upon consideration of the briefing,[2] the relevant legal authorities, and the record as a whole, the Court shall exercise its discretion to **GRANT** Defendants' [56] Motion to Strike Plaintiff's Statement of Undisputed Material Facts ("Motion to Strike"). Although the Court shall not rely on Plaintiff's Statement when evaluating his [48] Opposition to Defendants' Motion for Summary Judgment, the Court shall consider his [48-1] "Defendants' Statement of Undisputed Material Facts with Plaintiff's Objections" ("Plaintiff's Objections"). This Memorandum Opinion shall examine the relationship between Defendants'

---

[1] The defendant officers are Owais Akhtar, Amina Coffey, Francis Martello, Cameron Reynolds, and A. Willis, Jr.

[2] The Court's consideration has focused on the following documents:

- Mem. of P&A in Supp. of Defs.' Mot. to Strike Pl.'s Stmt. of Undisputed Material Facts, ECF No. 56 ("Defs.' Mem.");
- Pl. Mr. Johnson's Opp'n to Defs.' Mot. to Strike, ECF No. 57 ("Pl.'s Opp'n"); and
- Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Strike Plainitff's [sic] Stmt. of Undisputed Material Fact, ECF No. 58 ("Defs.' Reply").

1

[41-1] Statement of Undisputed Material Facts ("Defendants' Statement"), Plaintiff's Objections thereto, Plaintiff's Statement, and Defendants' Motion to Strike that statement.

This action arises from MPD's alleged response to an incident that took place in the Gallery Place area of Washington, D.C., on March 8, 2016. The Court previously summarized certain of Plaintiff's allegations about that incident in *Johnson v. District of Columbia*, 326 F.R.D. 346, 347 (D.D.C. 2018), and need not elaborate here.

Following a contentious discovery period, the parties began summary judgment briefing. Because Plaintiff chose not to move for summary judgment, which is his choice, the parties have been briefing only Defendants' [41] Motion for Summary Judgment. After the Court granted Plaintiff's three requests for extensions of time to file his opposition, Plaintiff at last did so, but "a number of procedural issues" with that briefing prompted the Court to strike it *sua sponte*. Min. Order of Feb. 21, 2019 (indicating that it otherwise would be "difficult for Defendants to respond and for the Court to sift through the pleadings"); *see also* Min. Order of Feb. 20, 2019 (three extensions). The Court made clear, in pertinent part, that

> The primary problems are with Plaintiff's statements of material facts. Plaintiff shall strictly comply with Paragraph 6 of the Court's [40] Scheduling and Procedures Order.[3] Although the Court expects full compliance with those instructions, the Court shall address glaring issues here. The revised statement(s) shall exclude all legal argument and legal citations; any excised legal argument or legal citations may be included in a revised Opposition brief. Each paragraph responding to Defendants' statement of material facts shall briefly state whether Plaintiff admits or denies each fact. If Plaintiff admits in part and denies in part a given fact paragraph, then he shall very specifically distinguish which parts he admits and denies; there shall be no ambiguous responses of "denied with qualifications," "not disputed" but offering additional information, or other permutations. Any denial importantly shall include a record citation and shall state in very summary form the factual content that contradicts Defendants' assertion. *Contra, e.g.*, Defs.' Stmt. of Undisputed Material Facts with Pl.'s Prelim. Objs., ECF No. [45-1], ¶ 6 (not citing any portion of record for contention that, *inter*

---

[3] As the paragraph later implies, the Court intended the plural "statements" to refer to both of Plaintiff's separate documents containing Plaintiff's Objections and Plaintiff's Statement.

2

*alia*, "Mr. Johnson moved and did not stay in the same position").

Min. Order of Feb. 21, 2019 (footnote added). The Court permitted Plaintiff to file a revised version of his Opposition and accompanying materials, which he did. That filing prompted Defendants' pending Motion to Strike, which has now been fully briefed.

At the threshold, Defendants could have communicated at greater length and secured a clearer indication and confirmation of Plaintiff's view before filing their Motion to Strike. *See* LCvR 7(m); Defs.' Reply, Ex. A, ECF No. 58-1 (the parties' email correspondence). But, in an effort to comply with Local Civil Rule 7(m), Defendants did contact Plaintiff for his view and, at Plaintiff's request, did identify the issues with some, albeit limited, specificity. Moreover, Defendants' Motion to Strike includes a Rule 7(m) certification stating that "Plaintiff has not consented, and this Motion is opposed." Defs.' Mot. to Strike Pl.'s Stmt. of Undisputed Material Facts, ECF No. 56, at 4. It is technically true that Plaintiff did not consent, but he never stated in the parties' email exchange that he decided to oppose. Nevertheless, the Court doubts that further discussion would have been fruitful, given the scope of Defendants' arguments in their Motion to Strike, and Plaintiff's continuing resistance thereto. *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 25-26 (D.D.C. 2017) (Meriweather, Mag. J.) (evaluating merits of motion for protective order against Federal Rule of Civil Procedure 30(b)(6) deposition notice—despite insufficient pre-filing conferral—due to "likely futil[ity]" of requiring further Local Civil Rule 7(m) discussion). Accordingly, "in the interest of judicial economy," the Court finds that Rule 7(m) deficiencies shall not prevent the Court from reaching the merits of Defendants' Motion to Strike. *Id.* at 26 (citing *Styrene Info. & Research Ctr., Inc. v. Sebelius*, 851 F. Supp. 2d 57, 62 n.3 (D.D.C. 2012)). "Nonetheless, the Court admonishes counsel to pay greater heed to their duty to confer during the course of this litigation." *Styrene Info. & Research Ctr., Inc.*, 851 F. Supp. 2d

at 62 n.3 (construing the duty to confer under Local Civil Rule 7(m) to require in person or telephone communications).

Turning to the merits of Defendants' Motion to Strike, the Court notes that their motion challenges only Plaintiff's Statement, not his Objections. To the extent that Plaintiff's Objections are in conformance with the relevant rules, the Court will consider them in resolving Defendants' Motion for Summary Judgment.

As for the challenge to Plaintiff's Statement, the Court begins with Local Civil Rule 7(h)(1), which requires in pertinent part that an opposing statement of material facts consist of a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." "Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996) (quoting *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980) (addressing a prior, but materially identical version of rule)) (internal quotation marks omitted). In short, summary judgment briefing—including the affirmative and opposing statements of material facts—is designed to "isolate[ ] the facts that the parties assert are material, distinguish[ ] disputed from undisputed facts, and identif[y] the pertinent parts of the record." *Id.* at 151 (quoting *Gardels*, 637 F.2d at 773) (internal quotation marks omitted). The briefing does not do so when the statement is long, the putative disputes are not genuine, the facts are not material, non-factual material is included, and/or references to the record are lacking. The casualty is the Court's ability "to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Id.* at 150.

The Court of Appeals upheld a strict application of the local rule in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*. In the trial court below, the defendant(s) had moved for summary judgment, and the plaintiff had filed two versions of what could generously be construed as a responsive statement of material facts. *See id.* at 148, 153. The court granted the defense's motion to strike one version for failure to comply with a materially identical predecessor of current Local Civil Rule 7(h)(1), and the court evidently did not rely on the other version, namely a "'relevant facts' section" of the plaintiff's brief. *Id.* at 148-49. The Court of Appeals found that the district court had not abused its discretion, and observed the following about the "relevant facts" version:

> Twenty-nine pages long, the section hardly complies with the rule's requirement that statement [sic] of genuine disputed material issues be "concise." Replete with factual allegations not material to Jackson's substantive claims and repeatedly blending factual assertions with legal argument, the "relevant facts" section does not satisfy the purposes of a Rule 108(h) statement. In order to identify material disputed issues that would preclude the entry of summary judgment, the court would have to sift and sort through the record, that is, engage in time-consuming labor that is meant to be avoided through the parties' observance of Rule 108(h). Requiring the court to treat Jackson's "relevant facts" statement as his Rule 108(h) statement would therefore undermine the purposes of the rule by improperly placing the burden on the court, rather than on the opposing party or his counsel, to "winnow the wheat from the chaff." *Bell, Boyd, & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990).

*Jackson*, 101 F.3d at 153 (footnote omitted).

Much the same could be said about Plaintiff's Statement in this case. At 18 pages long, the Statement contains a total of 78 numbered paragraphs, some of which actually contain multiple paragraphs. *E.g.*, Pl.'s Stmt. ¶ 76 (four paragraphs). Some of those paragraphs contain a great many facts. *E.g.*, *id.* ¶ 6 (11 separate bullet points about events in a video). The length and complexity of Plaintiff's Statement stands in sharp contrast to Defendants' Statement, which is only 5 pages and 26 paragraphs. Suffice it to say, Plaintiff's Statement is not concise.

5

Despite the Court's *express* instruction otherwise in its Minute Order of February 21, 2019, Plaintiff's Statement also includes both legal argument and legal authority. *E.g.*, *id.* ¶ 12 (arguing, *inter alia*, that "the mere fact that an officer fears 'a hostile reaction in a neighborhood he did not consider police-friendly cannot substitute' for seizures and arrests without probable cause" and concluding with citation to *In re T.L.*, 996 A.2d 805, 811 (D.C. 2010)); *id.* ¶ 73 ("Nothing in any of the depositions or other discovery materials provided by defendants indicates that Officer Akhtar or any other officer who helped him with the arrest report reviewed the video to verify the probable cause facts provided by Officers Akhtar and Reynolds and Willis. *See* Fed. R. Civ. P. 56(c)(1)(B)."). Some of Plaintiff's argument—about the law or the facts—is so conspicuous that it does not even take place in numbered paragraphs; rather, it appears in bold-typeface headers as if the Statement were a brief. *E.g.*, *id.* at 7 ("**Defendants' presentation of Officer Reynolds's attack and savage beat down of Mr. Johnson presents a fake narrative paints [sic] a misleading picture.**"). Arguments and invocations of legal authority are, of course, not facts, which alone are what should appear in Plaintiff's Statement.

Plaintiff's Statement also contains facts that are not material, or whose materiality to Defendants' Motion for Summary Judgment is not readily apparent. *E.g.*, *id.* ¶ 3 ("Little brother was a juvenile."); *id.* ¶ 78 ("Only Mr. Wilkins clenched his fists afterwards – in pain."). To the extent that facts in his Statement are material *because of Defendants' material facts and/or arguments*, the Court expects that Plaintiff would address the issue in his Objections and/or in his opposition brief. Only material facts additional to those that Defendant has raised and/or Plaintiff has objected to should appear in Plaintiff's Statement.

In light of the Court's analysis above, to accept Plaintiff's Statement would require the Court to do the very winnowing exercise that the Court of Appeals says the trial court need not do.

Moreover, Plaintiff has already had a chance to correct his Statement. *See* Min. Order of Feb. 21, 2019. He was required to bring it into compliance with Paragraph 6 of the Court's Scheduling and Procedures Order, which states that "[t]he Court **strictly adheres to the dictates of Local Civil Rule 7(h)**" and "strongly encourage[s]" the parties to "carefully review [*Jackson*] on the subject of Local Civil Rule 7(h)." Scheduling and Procedures Order, ECF No. 40, ¶ 6(a). Plaintiff was expressly advised of the relevant rule and the controlling case, and Plaintiff did not heed that instruction.

The difficulties of addressing Plaintiff's Statement would not be reserved to the Court. Defendants would be prejudiced in preparing their response to such a flawed version of what Local Civil Rule 7(h) requires. For example, as they observe, Defendants presumably would need to "make improper arguments" to counter Plaintiff's arguments. Defs.' Mem. at 3-4. They also would need to scrutinize certain of Plaintiff's paragraphs that consist entirely of images to estimate the material fact(s) asserted by Plaintiff, and to respond accordingly. *Id.* at 5-6; Pl.'s Stmt. ¶¶ 29, 30, 49. Defendants' trouble responding to Plaintiff's defective Statement would further inhibit the Court's efforts to "decide [the pending] motion[ ] for summary judgment efficiently and effectively." *Jackson*, 101 F.3d at 150.

Plaintiff need not articulate his own version of the story to support a motion that he makes; indeed, he does not pursue summary judgment, for he believes that genuine issues of material fact preclude relief at this stage. Pl.'s Opp'n to Defs.' Mot. for Summ. J., ECF No. 48, at 1-2. To make his point, it is enough for Plaintiff to deny, as necessary, the pertinent facts offered by Defendants and to add any material facts that Defendants have omitted. Plaintiff's lengthy Statement goes well beyond the latter additions. It is not as if striking Plaintiff's Statement would leave Plaintiff without factual material for his Opposition to Defendants' Motion for Summary

7

Judgment, because the Court would consider his Objections. Plaintiff has disputed all but seven of the paragraphs in Defendants' Statement; if the Court agrees with some or all of Plaintiff's contentions, then the Court may find that Defendants are not entitled to summary judgment, or are entitled only in part. And, of course, the Court would consider the record upon reviewing Defendants' Statement and Plaintiff's Objections. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("The District Court 'must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.'" (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)).[4]

Nor does the Court need to proceed paragraph by paragraph through Plaintiff's Statement to determine which paragraphs, if any, are (in)appropriate. For the reasons set forth above, his paragraphs are generally problematic. The Court would exclude many of the paragraphs, leaving few left. To the extent that Plaintiff does have genuine issues of material fact to raise, the Court shall consider his effort to do so in his Objections.

Defendants have discharged their burden to show that the Court should strike Plaintiff's Statement for failure to comply with Local Civil Rule 7(h). *Jackson*, 101 F.3d at 154 (recognizing trial court's discretion to grant motion to strike "under the plain terms" of materially identical predecessor rule). None of Plaintiff's other arguments affect the Court's decision.

For the foregoing reasons, in an exercise of its discretion, the Court shall **GRANT** Defendants' [56] Motion to Strike Plaintiff's Statement of Undisputed Material Facts. The Clerk

---

[4] Plaintiff reads *Burke v. Gould*, 286 F.3d 513, 516-20 (D.C. Cir. 2002) to "requir[e] that the district court consider evidence submitted pursuant to Federal Rule 56(c), regardless of the non-movant's compliance with the local rule." Pl.'s Opp'n at 6. But that case relies on a prior version of Federal Rule 56(c) that has been materially revised in the interim. *See* Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (considering current subdivision (c) to be "new"). In any case, the Court shall consider the record, even though Plaintiff has not complied with Local Civil Rule 7(h).

of Court shall **STRIKE** from the record Plaintiff's [48-2] Statement of Undisputed Material Facts. Defendants shall be given an opportunity to reply to Plaintiff's [48] Opposition to Defendants' Motion for Summary Judgment, including Plaintiff's [48-1] "Defendants' Statement of Undisputed Material Facts with Plaintiff's Objections" but exclusive of Plaintiff's stricken Statement of Undisputed Material Facts.

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 9, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge